Argument not to exceed 15 minutes per side. Ms. Lockhart you may proceed for the appellant. Thank you. The court may dismiss Ms. Lockhart and I will present the appellant Mr. Gudger in this manner. Appellants are reserved 3 minutes per side. The plain language of the guideline, U.S. Sensing Guideline Section 283.5, clearly and unambiguously states that the base offense level for failing to register as a sex offender is determined by looking at the tier that the defendant, and I'm quoting, was required to register as. This court should reverse and remand the district court's decision in this case for three primary reasons. The first being, as I've already stated, the plain language of the guideline is clear. Was required to register as, says what it means, and means what it says. Second, this court cannot, as the government argues, simply look to the federal law to interpret Section 283.5 because Congress, in implementing SORNA, delegated the enforcement of SORNA to the states. So the court must look at what the state's attorney is here to be. And third, when the state is in substantial compliance with SORNA, the analysis is done. All the district court needs to do is look at what the defendant was required to register as, and in this case, Mr. Gudger was required to register as Tier 1. So for that reason, Your Honor, the court should reverse and remand the decision of the district court. What about the application notes? We looked at the guidelines. You do not mention the application notes in your brief, let alone show why the notes are not controlled. Talk to me about the application notes. Your Honor, I didn't mention the application notes in my brief because that's merely a definitional section. So it's defining the particular tiers under the federal statute. But it doesn't necessarily contradict the guideline. The guideline itself says, was required to register as. So regardless of what the definition of Tier 1, Tier 2, and Tier 3 is, Mr. Gudger was required to register by the state of Ohio as Tier 1. So following the plain language of the guideline, he should be given a base offense level of 12 instead of 16. But the duty under federal law to register is imposed on the offender, on the ex-offender, not on the state. So don't we look to, for example, the Stock case in Sixth Circuit? Instead, what the court does is analyze what his underlying offense was, as well as what he should have been classified by under the federal statute. In addition, in that particular case, that was the state of Indiana case. And Indiana is not in substantial compliance with SORNA. So your take is that the state law tiers and the federal law tiers map onto each other perfectly? No, my take is not that they map onto each other perfectly. So how does it work, if they're different? My take is that the judges always have to choose the state law tier? No, I think that they have to choose what the defendant was required to register as. It goes back to the plain language of the guideline itself. The guideline says he was required to register as. We don't have a circumstance where we don't know what the defendant was required to register as. Ohio has made a tier system. They're substantially compliant with SORNA. And we know definitively that he was required to register as a Tier 1 offender. So that's why the court should have followed the plain language of the guideline. This is in a situation where the guideline says he should be a Tier 1, Tier 2, or Tier 3 offender, or he is under the federal law a Tier 1, Tier 2, or Tier 3 offender. It says very plainly he was required to register as. And so the court should follow that language. Reconcile that position that state law controls the sex offender tier with Section 283.5's application, though, which points to SORNA, not state law. Right. I understand that that points to SORNA. But that, like I said, is merely a definitional section. It's the second time you've said that. You're in a definitional section. I'm not one of the board of attorneys. I go nearer. Well, I would like to... You're in a definitional section in this case. How's that? Can't you say that about other people? Well... Definitional section and it's binding. I think it depends on how you're looking at it. Because I believe that you can look at them both and say that they can be read the same. You know, they can be read together. Because one doesn't necessarily conflict with the other. I'm not negating that Application Note 1 defines the tiers under the federal statute. What I'm negating is that the guideline itself says, was required to register as. That has to be given some sort of meaning. Otherwise, the guideline itself doesn't give a meaning. If this court finds that you can reconcile the two or that they're not reconcilable, then I'd encourage the court to look at Stinson v. United States and the government sites in this case in their brief. In that case on page 43, it's 508 United States 36. It's a 1993 case. It says, it does not follow that commentary is binding in all instances. If, for example, commentary in the guideline and interprets are inconsistent, and that all-in-one would result in violating the dictates of the other, the Sentencing Reform Act itself commands compliance with the guideline. So if this court wants to take the position that the two can't be read together, then you should follow the guideline, which is clear, and not look at the application note. Would you agree that the defendant's rape conviction here is comparable to aggravated sex abuse or sex abuse under federal law? I think if we were looking at a post-2008 case, a post-2008 when he was released and required to register, we wouldn't be in front of the court today. But we're looking at a case that was before 2008, and what happened in the state of Ohio is that originally when he was released in 2004, he was required to register as a sexually-oriented offender, the lowest tier, and when SHORNA was implemented in the state of Ohio, there's a Supreme Court case in the state of Ohio, State of Ohio v. Bodecki. It's 126 Ohio State, 3266. It's a 2010 case. They refused to reclassify the offenders, and so they deemed that that was unconstitutional, so they left him at the lowest level, or in this case, tier one. And so for that reason, I believe that this court should reverse the decision of the district court. So you believe the timing of this state court conviction is correct? I do, Your Honor. I also think that when this court looks at... Tell me where you're trying to find the actual language I don't have right in front of me of the guideline, the language of the note. If you don't know, just figure it out. Your Honor, I have the actual guideline itself printed out here. I don't know if I read exactly the page right now, but I can tell you. It says US Sentencing Guideline Section 283.5, Failure to Register as a Sex Offender, and then it says, A, Base Offense Level, Apply the Greatest. Number one, 16, if the defendant was required to register as a tier three offender. Number two, 14, if the defendant was required to register as a tier two offender. So how does that language work in a state that's not so unconfined? I mean, you look at federal law. Well, I think in the state... Where you would say there's no registration requirement. How would you do that? I think this court has already decided that, and there's a couple of decisions on that. Actually, just tell me. Just tell me what the answer is. I don't care what you said. What do you do in a case where the state's not so unconfined? Well, then you would have to classify them into... And then you'd use the federal? Correct. And then you'd use analogies of that? Correct. So it just seems very strange that the note would say what it says, and yet you have this thing hanging out there where states are complying. You don't follow the note. Wouldn't you expect the note to explain the psychotomy? The psychotomy existed. Well, I mean, I think that the note... I think when they drafted this particular guideline provision, they were thinking about cases that were announced as post-SORNA. And so, I mean, it's not difficult to read the two simultaneously in a case that comes out for 2008, but we're talking about an increasingly smaller number of cases that would fall under this particular type of situation, and the language of the guideline has to be given some sort of meaning. So for these other cases that you're talking about where they're not substantially compliant and they're not SORNA, I mean, this court has dealt with Ben Walker, the government cites to one in its brief lowery. Those cases look to the actual tier designation that was done under the federal statute. But this case is not one of those cases. This is a case where Ohio classified him, and they were very clear about what they classified him as, and they're substantially compliant with the requirements of SORNA. And so for that reason, this court should afford them... What would happen in a setting where state law has its tiers in there, one, two, three, state of argument, and they put something under tier one that we would all agree would be called tier three under federal law. What happens then? Does the question make sense? So in other words, you've got the state, they've implemented tiers, and they put an offender in state law tier one, Ohio law tier one, for whatever reason, but yet that exact offense, all would agree, again, just for the sake of argument, counts as tier three under federal law. What would happen in that setting? I mean, I think that's the fact pattern that we have here. Ohio determined that Mr. Goody was tier one. Why? I think it would be an inclusion in federal law to trump that. Well, I think the problem that we're looking at in this is perhaps the second argument that I'm making. You can't just look at federal law here, because when you're... Terrible thing in a federal criminal case. Well, you can't just look at federal law to interpret the guideline, because under the case, and I think it's Kerr, United States v. Kerr, this is a Supreme Court case, it says, unless Congress clearly instructs otherwise, you shouldn't look to state law to interpret a federal law. But Congress has clearly instructed otherwise, and the reason that Congress did was because they rely on the state to enforce SOAR now. Doesn't it strike you as very strange that one state could substantially affect the way the federal sentencing scheme works by putting things in, quote, tier one under state law that normally would belong under tier three in the federal law? I mean, wouldn't you say... I mean, maybe your way of doing this normally works sometimes, but I find it hard to accept that it works when there really is a conflict, that what state law is calling tier one would amount to tier three in the federal law. That seems really strange to me. Well, I think Congress anticipated that, and there's the Kerr case under the Supreme Court. The implementation and enforcement of SOAR now has always been delegated to the state. Congress didn't create a federal registry system. There's no one for... If someone wants to register federally, they don't go into some federal institution and register. They go into the state sheriff's office. That's where they register. The state is who enforces SOAR now. And so you should look to the state when you have a tier classification. I mean, you want to talk about the language of guidelines. Well, I guess maybe this is the ultimate question. I guess it's just for me to know. Wouldn't you agree when it refers to tier three, for example? It's talking about tier three under 16911, the federal law. You do agree with me about that, right? Yes. Okay, so even though maybe the registration is technically under federal law, it's under state law because the state has these registration requirements, I still don't understand how that allows the state to call what's tier three under federal law tier one. Well, that's not right. It's not. I'm just saying that's the problem. I think the problem is with the language of the guidelines. The language of the guidelines could say, it's tier three. If it said it is tier three, we wouldn't be in front of the SOAR. You just agree with me. It's tier three under federal law, under 16911. I agree that the application note defines what tier three is under federal law. No, no, don't you agree that the guideline when it's referring to tier three, it's referring to tier three as defined in 16911? No, I think that the guideline, I don't think that you can take out just that portion of the guideline. You have to read the guideline as a whole. I'm accepting your registration point. I think it's a really good argument. I'm just, I'm also saying, if that's a good argument for you, isn't it a good argument for them that when the guideline, forget the note, when the guideline is first tier three, it's referring to tier three under 16911? Isn't that a good point on their side? Well, I think if you're applying the definition, then yes, that's accurate. But then that would take me back to that you can't reconcile the two things. You have to follow the guideline and not the note. Would you read the guideline when it says tier three as referring to tier three under 16911? Well, I think if you are reading, do you ask me kind of a multiple or a somewhat complex question? Because I don't, I think in this particular case, you can't divorce what's required to register as from the rest of the note. The note has to be read in its entirety. And so if you look at what's required to register as tier one, that's what happened in this case. He was required to register as tier one, whether it be under the state of Ohio or under SORNA. It was the lowest level of an offender. You know, the Sixth Circuit doesn't have well-developed rules for explaining how a district court is actually made. And there has been discussion about that. The comparison, the amount of evidence, this was not briefed by either side. And so I'm somewhat hesitant to bring it up. But if you're familiar, you may answer the question. Every other circuit, there are three circuits that have addressed Section 283.5's application. They've used a categorical approach to help district judges. Are you familiar with that at all? Yes, I read those cases. Should we not follow suit and have the Sixth Circuit join the three other circuits and make this job a little easier for defense counsel, for the U.S. attorneys, and for the district court judge? Do you not have a conflict of interest? I think my response to that would be that none of those cases actually look at the language it was required to register as. And in none of those cases was the defendant arguing that he wasn't a tier three. Whereas in this case, we have the unique fact pattern where Mr. Fetcher is asserting that he was a tier one offender and not a tier three. And so we can't get to the categorical analysis because we need to just look at the plain language of the statute. To one other question, didn't your client plead guilty to knowing he failed to register? He did. Doesn't that prove to be he did this after the federal law had changed and there was a federal registration requirement? He did. Doesn't that take off the table your textual state law registration requirement? Well, I think the question, again, I He did know he failed to register under federal law. He did know he failed to register under federal law. But the state still, I mean, that's It was a federal registration requirement. That's when he's supposed to agree. Correct. But the federal registration requirement is done by registering with the state. There is no place that he can't go into some federal place and say, I'm here to register federally. He has to register by the state. Congress, when they implemented SORNA, made the state the enforcer of that registration requirement. Is this because that's where he's required to register? Does it affect the tier determination? Well, and unfortunately, this wasn't, this isn't in the record. So I can't necessarily point to it. But the registration documents that he received in 2004 and his latest, 2014, tell him that he's registered as a sexually oriented offender and must register for a period of 10 years. And so, you know, he was told that he was the lowest level offender as late as 2014. So I do think that he was required to register out. That's what he was on notice for. And that's what he registered at. So he should be classified as a tier one under this guideline. Well, thank you for your excellent argument. Thank you. We'll take over. We'll take Mr. Raskin. Thank you. Good morning. Good morning. May the peace of the court attend. Raskin, on behalf of the United States. Let's start with where I just had this question from my colleague, Lethal. Yes, this is a conviction for violation of 18 United States Code, section 2250A. The first element of which is that the defendant wasn't required to register under SORDA. This is a federal crime. The defendant wasn't required to register under SORDA, and it's undisputed that the defendant wasn't required to register as a tier three sex offender. Now, if we look at the guideline, the guideline to be worked by the point that, you know, she just said there's no place to register federally. You always have to register at the state level. I suppose I don't see why that has any relevance to the meaning of the guideline. Oh, yeah. If you're registering in a state, and the state, as luck would have it, has these tiers, and it's a different tier. Well, let's say that the state actually had required more people to register as sex offenders than the SORDA does. And the defendant then violates some state registration requirement that's not so extensive with SORDA. The defendant is not guilty of a federal crime. He may be guilty of a state crime. But so the state designations are relevant to the state crimes. They're relevant to this federal prosecution insofar as they show the element of knowledge that the defendant knew he had to register. But at this point, the defendant has pled guilty, and there's no question that the defendant knew he had to register. So the question is just, if you look at 283.5, what was he required to register as, tier 123? And in case that wasn't clear, that you have to register under SORDA, and there's reference to the guidelines to tier 123, the very first application of the definition says these tiers are determined with reference to they mean the same thing as 16911, not federal law that sets forth these tiers. And if you look at that statute, there's no argument that the defendant was anything other than required to register as tier 3. That should be the end of the argument. I would add, though, that if you, two points. I'd add two points. One of them is that I don't think it's correct. I think that when you were asking my colleague about the state saying tier 1 erroneously, when it was early tier 3, or vice versa, that's actually not quite the case, because as my colleague was talking, was discussing the facts, that Ohio did not ever say that you are in tier 1, tier 2, or tier 3 to Mr. Fetcher. He was a sexually oriented offender under Ohio law, which was pretty sore enough, when he was advised in 2004, and was required to register under state law for 10 years. So there's really nothing that my colleague could point to where Ohio said. Does Ohio not even have tiers? Ohio now has tiers. At that time, it did not have tiers. But the defendant was in the lowest category. That's right. That's what we call categories. Sure. OK. Yes, but of course, there's nothing to say that if Ohio couldn't have had 5, 7, 8, however many categories they wanted. It's just not relevant to. And there's no reason for it to matter. The other thing, maybe this is really better directed at a constitutive defendant, but I guess if this were to work, it would work in reverse. It would be a little frustrating for other criminal defendants, that for whatever reason, state law pegs someone in tier 3. But under federal law, they were tier 1. And I guess they don't think that classification system works in both directions. Well, I suspect my colleague would be happy to see that point in this case. Would you like her in court? Yes, of course. And I'll be waiting for her to do a rebuttal. But actually, it does go into the second additional point I wanted to make, that just from a 50,000 foot perspective, if you're looking at 283.5, this suggestion about how it ought to work, not only does it not square with the words and not square with the application, it just doesn't make any sense. I mean, there's no workable principle here. I mean, what 283.5 does is it says, we're going to set the base offense level for a failure to register. We're going to consider it more serious. If you have a more serious offense, that costs you to require to register. I mean, that's pretty obvious. It makes good sense. What I'm hearing at the alternative theory is that 283.5 somehow sets up some system that tracks the suggestive punishment for somebody's failure to register that's based off of whether some state is in or out of compliance with the SOAR, no matter how many different tiers it has, what language it uses, whether it states it in court, says that there's a separation of powers problem under the state constitution if you want to reclassify somebody. In other words, something that makes no theological sense and that has no workable principle for a judge who's trying to impose a sentence. There's really no reason to think that that's the system that the guideline is implementing, especially when there's no reason to. The guideline certainly, by text and definitional application, does not compel you to read it that way. Your colleague says what's pivotal here is that the conviction of the standoff occurred prior to SORNA, and it seems unfair that we're taking somebody who was at a low level and now saying things have changed. They're now at a high level. You want to respond? Well, that doesn't seem unfair. Well, I mean, the defendant committed a federal crime. More than unfair, she's saying read the exact language of the guideline. End of story. Right. That's what he was classified as. You don't have to go any further. Right. And as far as what he was classified as, that's simply mistaken. The guideline says he was compiled to register as tier 3, which means this on the federal law. He's convicted of this federal crime. So that argument is just wrong. As for the unfairness, I think that that's a decent argument on the equities. You could probably make some kind of argument like that, perhaps, as a 35-53-A factor, I suppose. That's the argument I believe much more closely than this. I did. You touched this. Yeah. That's all right. I was warned, too. I'm not bad at it. And here I thought the clouds were coming. No, they're not. I did it slowly. I didn't mean to put you in the dark. Why not? Still see the court. So on the unfairness, I'm not at the point that this court addressed in the unpublished Walker case, which would be pretty much directly on point, except for the fact that number one, it's unpublished. So it's not controlled. And then number two is that that was couched as a kind of due process argument, as opposed to here we're talking about the guideline interpretation argument. But otherwise, Walker might well have been stopped. And I think those cases will allow to decide this case as well. In fact, I did also want to make one point, circling back to trying to understand my colleague's argument about what the guideline says. For that argument to work, the guideline, I think, would have to say that the defendant was required to register under state law for a time period that you then compare with the relevant length of time under federal law for various tiers, and then go back and determine the tier from that. And the Eighth Circuit discussed that in the Lowry case, which, by the way, 10 years does not actually match up with any length of time under federal law. Tier 1 under federal law is 15 years. So it's just going back and forth. Just to present this question, how do I decide whether it's a tier 3 offense? A categorical question? I've heard judges in areas say that exercise restraints. So deciding that particular issue, I think that this particular case does not. That decision is not necessary to resolve in this case, because there's no dispute about under either way, no matter which way you look at it, this person under federal law is tier 3. As you know, the judge in your area is putting a five on the stock opinion and reserves that question specifically. Given Johnson and decisions that may be coming from Johnson, I think the better practice would be for this court to pull off on making an unnecessary decision about when you use or do not use the categorical approach in appropriating guidelines. It just seems that the more prudent thing would be to do. How is Johnson going to do this? Is there a residual prospect of this? I'm just really curious. What is my crazy thinking here? You're not crazy thinking. I'm just thinking of Justice Alito's dissenting opinion in Johnson. Oh, in other words, solutions. Yes. Yeah. So I urge the court to hold off on setting a presidential law about what must or must not be the categorical approach if you don't have to. Wouldn't preclude his suggestion of applying it if he or she wanted to? It might be a good vehicle to send it out. Sure. Absolutely. Does the court have any further questions with respect to this issue or with respect to the procedural unreasonableness issue, as to which I would just emphasize that this is a plenary standard? I don't think so. Thank you. I ask the court to adjourn. Thank you, Your Honor. Thank you, Your Honor. Your Honor, just to refer you, I think Judge Stanton, you asked for the page that references the language of the guideline. It's page seven in my reading. My colleague mentioned a lot of things, and I'll try to just briefly address the three that I think are most important. Percy says that it's just wrong that my client is required to register as a Tier 3. If he was required to register as a Tier 3, the registration requirements for that are more onerous. You have to report quarterly. You have to report every three months. He's only required to report once a year. And so the flip side is it could have prosecuted him if he was a Tier 3 offender, multiple or more times, assuming he traveled. Because there were six years where he was only registering one time per year. So that supports our argument that he was a Tier 1 offender. In addition, my colleague mentioned that there is no federal tier that only requires a 10-year period. It's Tier 1. Tier 1 requires 15 years, but if you're compliant, then they knock it down to 10. So that is in line with what Tier 1 is. So that means that What's your answer to the point I raised earlier, that if you're a federal Tier 1, the state law calls you Tier 3. Is he going to become federal Tier 3? I mean, unfortunately, I think that if you So I think that you would. And I would have to not see if I were in the zone. Well, I think the problem is State laws in charge of increasing sentences. I think the problem is that SORNA didn't concern itself with disparity or issues in sentencing. SORNA concerned itself with trying to target the missing sex offenders or the sex offenders that could go off the radar if they moved from state to state. That's what SORNA was concerned with. The Supreme Court said, and that's the Supreme Court in the Carr case decided that that's what SORNA was concerned with. So when they drafted this guideline, they weren't thinking about, or when they did this guideline, they weren't thinking about the purposes of SORNA. The Congress left to the states, you're going to enforce this law. If they wanted to create a registration entity, they could have, and they chose not to. And so I would urge the court to vacate the decision to the district court. And then just briefly, I think my colleague counsel referenced Walker, and that's an unpublished case in this circuit. In that particular case, the defendant did not challenge the factual premise that he was a Tier 1 offender, and we are doing that here. We're challenging that he was not a Tier 3 offender, that he was a Tier 1. And so I'd ask the court to follow the plain language of the guideline. If there are no more questions. Thank you. Thank you. Thank you. I'm grateful. The case may be submitted in recess court. The Honorable Court is now adjourned.